UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANG ZHIMING,<br><br>          Petitioner,<br><br>          v.<br><br>D. MARTIN, Warden-Facility Administrator[,] Adelanto ICE Processing Center, et al.,<br><br>          Respondents. | Case No. ED CV 26-01234-DMG (DTB)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. R&R [Doc. # 14]. Objections to the Report and Recommendation have been filed. Obj. [Doc. # 16]. The Court has engaged in a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. *See* Fed. R. Civ. P. 72(b)(3).

The R&R recommends Petitioner's immediate release as well as the imposition of certain requirements before Petitioner can be re-detained. Respondents—D. Marin, Warden-Facility Administrator Adelanto Immigration and

1

Customs Enforcement ("ICE") Processing Center; Thomas P. Giles, Director of Los Angles Field Office; Todd Lyon, Acting Director, ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("DHS"); and Todd Blanche, Attorney General of the United States[1]—object to a portion of the remedy recommended. They argue that a Court sitting in habeas jurisdiction does not have the authority to enter an order that "prohibit[s] Respondent[s] from 're-detaining Petitioner without notice and a pre-detention hearing before a neutral arbitrer.'" Obj. at 2. No response to the objections has been filed. *See* R&R at 9.

The "typical remedy" in habeas for unlawful detention "is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Federal courts nevertheless "have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Habeas corpus relief is equitable in nature, such that district courts have "broad and flexible power" in their actions following a successful petition. *See United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) (discussing section 2255 motions, another form of habeas relief).

The uncontested facts of the Petition include that ICE revoked Petitioner's Order of Supervision ("OSUP") without giving him notice of the reasons for the revocation, a prompt informal interview, and a meaningful opportunity to contest the revocation. R&R at 8. He was arrested and detained even though he "ha[d] followed all of the rules and regulations, ha[d] not violated the terms of his OSUP, ha[d] engaged in steady employment, and ha[d] not committed or been convicted of any criminal offenses." *Id.* at 4. He has a wife and two small children who are in need of his support. *Id.* at 5.

On these facts,[2] the Court accepts the R&R's recommendation to impose the remedy set forth above as the least restrictive remedy that will result in meaningful

---

[1] *See* Fed. R. Civ. P. 25(d).

[2] In addition, "Respondents acknowledge that Petitioner appears to be a member of the Bond Eligible Class of detainees certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 813 F. Supp. 3d 1075 (C.D. Cal 2025), *amended and superseded on reconsideration*, 813 F. Supp. 3d 1084 (C.D. Cal 2025) ("Bautista")." R&R at 2. As such, Respondents

relief on these egregious circumstances.  Absent this relief, Respondents could simply re-detain Petitioner the day after his release.  Moreover, it is unclear why such an injunction would interfere with the ability to "take Petitioner into custody to effectuate a removal order" as Respondents argue.  To act on a future removal order, they could simply show at the pre-deprivation hearing that—

> detention is lawful and warranted under the applicable statutes and regulations either . . . *because his removal from the United States is significantly likely in the reasonably foreseeable future, including that Respondents have procured travel documents for Petitioner and that such documents are in the possession of ICE.*

R&R at 9 (emphasis added).

Having made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made, the Court therefore concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that the habeas petition is **GRANTED** and Judgment shall be entered:

(a) Declaring that Immigration and Customs Enforcement's ("ICE") revocation of Petitioner's Order of Supervision and subsequent re-detention violated the Due Process Clause of the Fifth Amendment and federal law;

(b) ordering Petitioner, Zhang Zhiming (A# 226-111-054) immediately released from custody and reinstating his previous conditions of supervision, and the return of all property confiscated from him during his arrest and processing into detention; and

---

contend that the only remedy to which Petitioner is entitled is a bond hearing.  The Court notes that the Ninth Circuit has stayed the trial court order in *Bautista* insofar as it vacated *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  *See* Order at 4, *Bautista v. Exec. Off. for Immigr. Rev.*, Nos. 25-7958, 26-1044 (9th Cir. March 31, 2026).  *Hurtado* holds that mandatory detention under 8 U.S.C. § 1225(b) applies to those who enter the country without inspection even if apprehended within the United States and not at the border.  To the extent immigration judges consistently invoke *Hurtado* as governing authority to deny bond in analogous cases, ordering a section 1226(a) bond hearing as a remedial measure would likely be futile.

(c) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from:  (i) Re-detaining Petitioner without notice and an individualized pre-detention hearing before a neutral arbiter at which it is determined that detention is lawful and warranted under the applicable statutes and regulations either because Petitioner has violated a term of his Order of Supervision or because his removal from the United States is significantly likely in the reasonably foreseeable future, including that Respondents have procured travel documents for Petitioner and that such documents are in the possession of ICE; and (ii) removing Petitioner to any country without appropriate notice and an opportunity to be heard in accordance with any applicable ICE regulations, including the opportunity to assert a torture-based or fear-based objection.

Respondents shall file a notice of compliance within three court days of this Order.

DATED:  June 5, 2026                                    _____
                                                                        DOLLY M. GEE
                                                              CHIEF U.S. DISTRICT JUDGE

4